## SCOPE OF EMPLOYMENT OF A CHAUFFEUR.

Court of Appeals for Cuyahoga County.

CHARLES J. STEWART V. CHARLES W. WHITFORD; AND CHARLES J. STEWART V. SARAH E. WHITFORD.*

Decided, December 17, 1914.

*Master and Servant—No Liability of Master for Negligence of Chauffeur Where the Latter Made a Detour of a Mile on an Errand of His Own—And the Accident Complained of Occurred During the Detour.*

1. A chauffeur who turns aside from a journey undertaken for and at the direction of his master, and drives one mile out of his course on business of his own and while so doing injures a pedestrian, after which he returns to his original route and continues on the journey for his master, was not acting within the scope of his employment during the detour and at the time of the accident to the pedestrian.

2. Whether an employee was within the scope of his employment at a given time becomes a question for the jury only when the facts in issue are in dispute; if there is no question of fact to be passed upon, the matter is one of law and should be determined by the court.

*Hoyt, Duslin, Kelly, McKeehan & Andrews* and *W. D. Wilkin,* for plaintiffs in error.

*Harry F. Payer* and *Chapman, Howland & Niman,* contra.

KINKADE, J.; RICHARDS, J., and CHITTENDEN, J., concur.

Error to the court of common pleas.

The defendants in error brought actions in the court of common pleas to recover damages sustained by reason of the alleged negligent management of an automobile belonging to the plaintiff in error, which resulted in a serious personal injury to Sarah E. Whitford, the wife of Charles W. Whitford. The jury returned a verdict in favor of the plaintiff in each case. The trial judge granted a motion for a new trial and rendered an

*Reversing *Whitford* v. *Stewart,* 17 N.P.(N.S.), 81.

opinion in doing so, to the effect that the evidence produced in the case was not sufficient to sustain a judgment in favor of plaintiff against the owner of the automobile. Thereupon the parties agreed to submit the case, without a jury, to another judge, upon a transcript of the evidence taken in the court below, and they agreed upon the amount for which a judgment should be rendered covering the damages in both cases, one for injuries and the other for loss of services, in the event that the trial judge found the owner of the automobile liable on the evidence shown in the transcript.

Stewart, who resided on Shaker Heights in the eastern portion of the city of Cleveland, was the owner of an automobile and had in this employ a chauffeur by the name of Pelrein. It was the custom of Stewart to have his chauffeur, Pelrein, drive him in his automobile from his home at Shaker Heights to his office in the Perry Payne Building in the morning, and then call for him with the machine at four in the afternoon to take him home.

It was stipulated between the plaintiff and defendant that the chauffeur, Pelrein, was employed by Stewart to drive the machine when, where and as directed by Stewart.

On the morning of the day on which the accident to Mrs. Whitford occurred, in accord with the usual custom, Pelrein had driven Stewart to the office at the usual hour and was either then instructed to return for him at the Perry Payne Building at four o'clock in the afternoon, or was acting in accord with the usual custom and understanding between himself and Stewart when he did start to return for Stewart a little prior to that hour in the afternoon of that day. He drove from the residence in a westerly direction and by the route usually taken, until he reached East Ninth street, at which point he turned to the right and followed East Ninth street, which bore slightly in a westerly direction, until he reached the intersection of Superior street. From this point to the office of Stewart in the Perry Payne Building his direct course would be to the left westerly along Superior street a distance of about a quarter of a mile from its intersection with East Ninth. As he approached the intersection of East Ninth and Superior streets the chauffeur

met two lady friends of his, who were on the sidewalk at this point, and stopped to converse with them for a few moments. The ladies informed him that they were going to a dressmaker's on some errands of their own on East Thirtieth street near Payne avenue, running in an easterly and westerly direction. Thereupon Pelrein volunteered to take the ladies from that point to the dressmaker's and they accepted his invitation. Then instead of turning to the left and pursuing his usual course to the office of Stewart, he turned to the right on Superior street and followed that street to its junction with Payne avenue, at which point he turned onto Payne avenue bearing still farther to the right, and continued in an easterly direction to a point about one mile from the intersection of East Ninth and Superior streets. In other words, at the point last mentioned he turned and went a mile in substantially a directly opposite course from that which he would have pursued had be gone to the office of Stewart instead of taking the ladies to the dressmaker. It was while thus driving easterly with his two companies that he ran against and injured Mrs. Whitford as she was passing from a street car, from which she had just alighted, to the sidewalk of the street.

There was no dispute about the facts in the case. That which took place is as I have stated it, and no one pretends that the chauffeur, Pelrein, had any intention to do anything other than to take the ladies to the destination mentioned and then to return to the office of Stewart and take him home. After making the journey with the ladies he did return to the Perry Payne Building and took his employer Stewart home without disclosing to him at that time that he had made this trip with his two friends or that he had injured anybody while doing so.

The common pleas judge to whom the case was submitted without a jury, upon the evidence showing the facts as I have stated them, found the owner of the automobile, Stewart, to be liable and entered judgment in favor of the plaintiffs for the amount covered by the stipulation between the parties.

The question that is submitted for our consideration by counsel is whether upon these facts, the owner of the automobile

is liable for the injury to Mrs. Whitford caused by the negligence of the chauffeur while running the car as stated.

Counsel for plaintiff in error contend that on the authority of *Lima Railway Co.* v. *Little,* 67 O. S., 91; *White Oak Coal Co.* v. *Rivoux,* 88 O. S., 18; *Rawson, Admr., et al* v. *Olds Motor Works,* decided by the Court of Common Pleas of Cuyahoga County, December 11, 1911, 12 N.P.(N.S.), 145, affirmed by the Court of Appeals, Cuyahoga County, May 27, 1912, and affirmed, without report by the Supreme Court June 26, 1914, and the case of *Nickens* v. *Becker,* decided by the Court of Appeals, Cuyahoga County, November 23, 1914 (unreported), Stewart is not liable for the negligence of Pelrein, the chauffeur, for the reason, briefly stated, that although Pelrein was in the employ of Stewart at the time of the injury, nevertheless he was at that time going upon a mission of his own and that the mission of his employer on which he had started was for the time being at least, entirely suspended. They claim that it is of no moment that the chauffeur may have had in his mind at the time of his injury that he would later go, as he did, and complete the mission that he had started out upon for his employer. They insist that when he abandoned his trip to the Perry Payne Building and turned aside on this business of his own and went a mile at least in an entirely different direction, under no circumstances can it be said to be a mere deviation from the usual route in carrying out the general instructions under which he was acting, to come for his employer at the Perry Payne Building, but must be held to be a journey entirely for his own purposes.

The defendants in error contend, and the court of common pleas so held, that inasmuch as Pelrein was in the employ of Stewart during the whole time, and in view of the fact that he must have intended to do what he did after this journey to the side, to-wit: to go after his employer; therefore, it was a continuing engagement on his part, with the implied, if not the express, authority of the master attending him all the time, and that, therefore, the master is as liable for the result of the injury as though it had occurred on a regular journey from the

residence to the office and without any turning aside by the chauffeur for any such purpose of his own.

Some question is made in the case as to whether it is not a question for the jury whether the employee, under a given state of facts, is within or without the scope of his employment; and it may be admitted that in many instances facts might exist which should be passed upon by the jury as to whether he was or was not within the scope of his employment, but where there is no dispute as to what has been done, and no inference can be drawn from the facts that are not in dispute, except one, there surely is nothing to submit to a jury. Nobody disputes the line of travel of the chauffeur in this instance. All agree that he did what I have stated, and all agree that he had but one purpose in doing it, and that was to take his friends to their destination and then return and complete the mission on which he had started for his employer. This being true, there is no question of fact to be passed upon by either a court or jury. It is simply an application of the law to the situation as thus clearly disclosed and wholly without dispute.

The common pleas court in deciding the case in favor of the defendants in error delivered a written opinion covering over forty-one pages of typewritten matter, reviewing a very large number of authorities both English and American. We have read this opinion with care. It is presented to us by counsel for defendants in error in connection with, and as a part of, their briefs in the case, and we think it fully reviews the authorities. It would serve no useful purpose to attempt to review these cases in detail.

Our conclusion is, after the fullest examination of the case, that the authorities cited and relied upon by the plaintiffs in error fully sustain their contention. We find ourselves unable to concur in the very full opinion rendered by the trial judge.

It follows from what has been said that the judgment of the court of common pleas must be reversed in each case. There being no dispute as to the facts, it is the duty of this court to enter the judgment in favor of the plaintiff in error in each case that should have been entered by the court below, and such will be the finding here.